UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:06-cv-816 |
| Plaintiff, | Chief Judge Paul L. Maloney |
| v. | |
| RIVERSIDE TIRE COMPANY, | |
| Defendant. | |
| CLEVELAND CLIFFS IRON COMPANY, | |
| Defendant / Cross-Claimant, | |
| v. | |
| RIVERSIDE TIRE COMPANY, | |
| Defendant / Cross-Claim Defendant. | |

**Order**

**Granting Plaintiff's Application for Default Judgment against Riverside Tire;
Dismissing Cleveland Cliffs' Cross-Claim Against Riverside Tire for Lack of Prosecution;
Terminating and Closing the Case**

The United States of America ("the government") filed the original complaint in November 2006 and the first amended complaint in August 2007 [documents #1 and #15]. In September 2007, Judge Robert Jonker recused himself and then-Chief Judge Robert Holmes Bell reassigned the case to this judge [documents #21 and #22]. By virtue of a series of consent decrees, this court dismissed

with prejudice the government's claims against all the defendants except one.  *See* Document Nos. 56 and 73-77 and 98-101 and 105-108.

But the government did not submit a proposed consent decree with regard to defendant Riverside Tire Company ("Riverside").  On the court's initiative, the Clerk of Court entered default against Riverside on January 2, 2008 [document #54].  The government took no action in this court with regard to Riverside for more than one year after the entry of default.  On January 8, 2009, this court issued an order that noted its general lack of authority (in most circumstances) to enter default *judgment sua sponte*.  The order invited the government to move for the entry of default judgment against Riverside under Federal Rule of Civil Procedure 55(b)(2).  The government filed such motion on February 27, 2009, along with a brief which persuasively establishes the propriety of default judgment against Riverside.

This court's January 8, 2009 order also noted unfinished business with regard to defendant / cross-claimant Cleveland Cliffs Iron Company ("Cleveland Cliffs").  Cleveland Cliffs settled the government's claims, which were dismissed with prejudice by consent decree entered July 14, 2008. Cleveland Cliffs, however, still had a cross-claim outstanding against defendant Riverside.  The Order directed the Clerk of Court to enter default against Riverside on the cross-claim, and it further provided, "No later than February 2, 2009, defendant Cleveland Cliffs **MAY FILE** an application for entry of default judgment on its cross-claim against Riverside.  If Cleveland Cliffs fails to do so, the court will dismiss its cross-claim against Riverside without prejudice for lack of prosecution." Jan. 8, 2009 Order.  That deadline passed more than one month ago, and Cleveland Cliffs has neither applied for default judgment against Riverside nor sought an extension of time in which to do so.

**ORDER**

Accordingly, plaintiff's application for entry of default judgment against Riverside Tire Company **[doc. #116] is GRANTED.**

Default judgment is **ENTERED** in favor of the plaintiff and against defendant Riverside Tire Company in the amount of $1,222,616.28 (one million, two hundred twenty-two thousand, six hundred sixteen dollars and twenty-eight cents) plus all future response costs incurred by the federal government at the Carl's Tire retreading site.

The default previously entered against Riverside Tire Company on the cross-claim of Cleveland Cliffs Iron Company on January 10, 2009 **[document #110] is VACATED.**

Defendant Cleveland Cliffs Iron Company's cross-claim against Riverside Tire Company [asserted in **document #35] is DISMISSED without prejudice for lack of prosecution**.

Because there are no longer any claims, cross-claims, or counterclaims remaining between any parties, this is a final order.

This case is **TERMINATED** and **CLOSED**.

**IT IS SO ORDERED this 2nd day of March 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge